IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALFREDO MENDOZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV 06-2985 PHX PGR (MEA) |
| ) | |
| DORA B. SCHRIRO, ) | REPORT AND RECOMMENDATION |
| ARIZONA ATTORNEY GENERAL, ) | |
| ) | |
| Respondents. ) | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Mr. Alfredo Mendoza ("Petitioner"), who is incarcerated by Respondents in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 on December 11, 2006. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 8) on February 22, 2007.

**I Background**

On April 8, 2003, Petitioner was charged by grand jury indictment with one count of kidnapping. Answer, Exh. A. The indictment was later amended to allege three prior felony convictions. Id., Exh. A. The facts alleged at Petitioner's trial indicated that, in September of 2002, Petitioner and four accomplices broke into the victim's home and abducted the victim at gunpoint. Id., Exh. D & Exh. E. The defendants also

1  beat the victim and demanded the victim's wife provide them
2  with $5000 in cash or they would murder her and the victim.
3  Id., Exh. D. The victim's wife contacted the police. Id.,
4  Exh. D & Exh. E.

5        The victim was ultimately located at Petitioner's
6  residence by the police, who had tapped the victim's telephone;
7  the kidnappers had repeatedly called the tapped phone. Id.,
8  Exh. D & Exh. E. The victim testified at Petitioner's trial
9  that Petitioner had repeatedly beat and kicked him and
10 threatened him with a gun and a knife during his detention by
11 the kidnappers. Id., Exh. D at 41-49, 70-71. Petitioner was
12 at the residence when the police SWAT team rescued the victim,
13 after the police arrested some of the codefendants as they were
14 attempting to acquire the ransom. Id., Exh. D & Exh. E.
15 Petitioner was in handcuffs and kneeling outside the residence
16 as the victim was removed from the home; the victim
17 spontaneously identified Petitioner as someone who had beat him
18 during his ordeal. Id., Exh. D. As the victim was being moved
19 to an interviewing room at the police station he was walked
20 past a room where suspects in the kidnapping were held; the
21 victim identified some of the individuals involved in the
22 kidnapping, including Petitioner, to the police detective who
23 was conducting the interview with the victim. Id., Exh. E at
24 104-09, 110-12, 115-16 ("When I walked [the victim] through []
25 the booking area, [the victim] told me it was [Petitioner].").
26       The jury found Petitioner guilty as charged. Id.,
27 Exh. A, Exh. B, Exh. F. The government dismissed its

-2-

allegation of prior felony convictions. Id., Exh. G. On December 5, 2003, Petitioner was sentenced to the presumptive term of 10.5 years imprisonment for his kidnapping conviction, a class 2 dangerous felony. Id., Exh. G.

Petitioner filed a timely direct appeal of his conviction and sentence. Id., Exh. A. Petitioner asserted the trial court erroneously determined the victim's crime scene and police station identifications of Petitioner were not unduly suggestive "show-ups."[1] Id., Exh. H. Petitioner also alleged the trial court abused its discretion and violated Petitioner's right to due process by not analyzing the reliability of the victim's identification of Petitioner as a perpetrator of the crime and by failing to give the jury an "identification" instruction. Id., Exh. H. Additionally, Petitioner asserted the victim's in-court identification of him was not reliable because the victim had previously seen him at the crime scene and inside the police station. Id., Exh. H.

The Arizona Court of Appeals affirmed Petitioner's

---

[1] The practice of showing a suspect singly to a witness for the purpose of identification shortly after a crime--commonly known as a "show-up"--is not inherently unconstitutional. However, as the Supreme Court noted in Stovall v. Denno, the "show-up," or "[t]he practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." 388 U.S. 293, 302, 87 S.Ct. 1967 [] (1967). A show-up, as opposed to a line-up or photo array, has been described as "inherently suggestive" because the defendant is presented singly to the witness by the police. []
Jones v. West, ___ F. Supp. 3d ___, 2007 WL 495498, at *21 (W.D.N.Y.).

conviction in a memorandum decision issued December 14, 2004. Id., Exh. K. The Court of Appeals concluded the pretrial identifications were not unduly suggestive because "there was no attempt made by the police to obtain an identification from the victim." Id., Exh. K at 9-11. The Arizona Court of Appeals also affirmed the trial court's refusal to give the jury an "identification" instruction because the trial court was only required to give the instruction when it found a suggestive out-of-court identification of the defendant by the victim. Id., Exh. K at 12.

Petitioner sought review of his conviction and sentence by the Arizona Supreme Court. Id., Exh. L. The petition for review was summarily denied in a decision issued April 4, 2005, and filed on May 5, 2005. Id., Exh. M. Petitioner did not seek a writ of certiorari regarding his conviction or sentence from the United States Supreme Court.

Petitioner filed a state action seeking post-conviction relief on June 2, 2005. Id., Exh. N. Petitioner was appointed counsel to represent him in this action. Id., Exh. O. The petition for post-conviction relief asserted Petitioner was deprived of his right to the effective assistance of counsel. Id., Exh. P. Petitioner alleged his counsel failed to call an alibi witness, i.e., his brother, and failed to request a jury instruction regarding an alibi defense. Id., Exh. P. The Arizona trial court ordered an evidentiary hearing regarding Petitioner's claims for relief,

which was held December 12, 2005. Id., Exh. S. Petitioner and his brother testified at the hearing. Id., Exh. T. Petitioner's trial counsel also testified at the hearing. Id., Exh. T.

In a minute entry issued December 15, 2005, the Arizona Superior Court concluded Petitioner had not been denied his right to the effective assistance of counsel. Id., Exh. U. The Superior Court agreed with the state that "the evidence that Defendant's counsel failed to call an alibi witness is not credible." Id., Exh. U.

Petitioner did not seek review of this decision by the Arizona Court of Appeals within the time specified by Rule 32.9(c), Arizona Rules of Criminal Procedure. On April 21, 2006, approximately three months after the deadline for seeking review expired, Petitioner filed a petition for review in the Arizona Court of Appeals. Id., Exh. V. The Arizona Court of Appeals dismissed the petition for review in an order issued April 25, 2006. Id., Exh. W. In the order dismissing the petition without prejudice, the Court of Appeals informed Petitioner he could seek leave to file an untimely petition in the Arizona Superior Court. Id., Exh. W. Petitioner did not seek such leave. See id., Exh. Y.

Approximately ten months later, Petitioner filed his federal habeas action on December 11, 2006, asserting he is entitled to relief because: (1) the victim's pretrial identifications of Petitioner violated his right to due process because they raised the likelihood the victim would identify

-5-

him at trial; (2) his right to due process was violated by the trial court's refusal to give an "identification" jury instruction; (3) his trial counsel was ineffective, i.e., counsel failed to call his brother to testify as to an alibi and failed to request a jury instruction regarding an alibi.

## II Analysis

### A. Exhaustion

Respondents contend Petitioner's second and third claims for relief must be dismissed because Petitioner did not fully exhaust these claims in the state courts by presenting them as federal constitutional claims in a procedurally correct manner to the Arizona Court of Appeals or to the Arizona Supreme Court.

A state prisoner must "exhaust" a claim in the state courts before the District Court may grant federal habeas relief on the merits of the claim. See Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). To properly exhaust a claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Rose v. Palmateer, 395 F.3d

1108, 1110 (9th Cir.), cert. denied, 125 S. Ct. 2971 (2005).[2]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir.), cert. denied, 126 S. Ct. 348 (2005).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2006). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See 28 U.S.C. § 2254(c) (1994 & Supp. 2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.

Procedural default occurs when a petitioner has never

---

[2] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2006).

-7-

presented a claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review."). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

      Petitioner did not properly exhaust his ineffective assistance of counsel claim in the state courts by presenting

-8-

this claim to the Arizona Court of Appeals in a procedurally correct manner in his action for state post-conviction relief. Petitioner is procedurally barred from returning to the state courts to exhaust this unexhausted federal habeas claim by the Arizona Rules of Criminal Procedure governing preclusion and timeliness. Because Petitioner does not have any procedurally correct means of raising his claim in the state courts, the claim is technically exhausted. However, because Petitioner did not present the claim to the state courts in a procedurally correct manner, the claim is technically exhausted but procedurally defaulted. See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

**B. Cause and prejudice**

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a miscarriage of justice, or cause and actual prejudice to excuse his default of the claim. See Coleman, 501 U.S. at 750-51, 111 S. Ct. at 2555-56. "Cause" is a legitimate excuse for the petitioner's procedural default and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage,

-9-

infecting his entire [criminal proceedings] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires Petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crime. See Manning v. Foster, 224 F.3d 1129, 1135 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Petitioner procedurally defaulted his ineffective assistance of counsel claim in the Arizona state courts. Because Petitioner does not argue cause for nor prejudice arising from his procedural default of this claim, the Court may not grant relief based on the merits of the claim.

**C. Standard of review regarding exhausted claims**

"Habeas corpus is an 'extraordinary remedy' available only to those 'persons whom society has grievously wronged and for whom belated liberation is little enough compensation.'" Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005), cert. denied, 126 S. Ct. 1145 (2006), quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 1720 (1993). However, the Court may not grant a writ of habeas corpus to a state

-10-

prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d) (1994 & Supp. 2006).

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Mitchell v. Esparza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003) (internal citations and quotations omitted).

When reviewing a habeas claim, the federal courts must afford great deference to the state court's rulings with regard to issues raised in the petitioner's federal habeas action. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 359-60 (2002). When more than one state court has adjudicated a claim, the Court must analyze the last reasoned decision by a state court to determine if the state's denial of relief on the claim was clearly contrary to federal law. See Barker v. Fleming, 423 F.3d 1085, 1091-92 & n.3 (9th Cir. 2005), cert. denied, 126 S. Ct. 2041 (2006). Additionally, United States Supreme Court holdings at the time of the state court's last reasoned decision are the source of "clearly established

-11-

federal law" for the purpose of federal habeas review of state court decisions regarding federal constitutional claims. Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000); Barker, 423 F.3d at 1093.

**D. Petitioner's exhausted claims for relief**

**1. Petitioner asserts the victim's pretrial identifications of Petitioner violated his right to due process of law because they raised the likelihood the victim would identify him at trial.**

A criminal defendant has a federal constitutional right to due process of law, which may, in certain circumstances, be violated by an improper pretrial identification procedure or subsequent in-court identification. See Manson v. Brathwaite, 432 U.S. 98, 104-07, 97 S. Ct. 2243, 2249-50 (1977). The standard to be applied on habeas review of this type of claim is that of "fairness" in a criminal proceeding, required by the constitutional right to due process of law. Id. If a reviewing court may properly conclude the identification of the defendant as the perpetrator of the alleged act was not "unduly suggestive" given the "totality of the circumstances," then the criminal proceeding was not rendered unfair by the identification and the defendant's right to due process was not violated. Id.

The United States Supreme Court has stated that pretrial identification procedures violate the defendant's right to due process if the identification procedure is impermissibly suggestive and the reliability of the identification, based on the totality of circumstances, does

-12-

not outweigh the corrupting effect of the suggestive procedures. See Neil v. Biggers, 409 U.S. 188, 199, 93 S. Ct. 375, 382 (1972); Manson, 432 U.S. at 114, 97 S. Ct. at 2253 ("reliability is the linchpin in determining the admissibility of identification testimony."). A conviction based on identification testimony following the witness' pretrial identification violates the defendant's constitutional right to due process whenever the pretrial identification procedure is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968); Thigpen v. Cory, 804 F.2d 893, 895 (6th Cir. 1986). "It is the likelihood of misidentification which violates a defendant's right to due process." Neil, 409 U.S. at 198, 93 S. Ct. at 381-82. If an identification is reliable, it will be admissible even if the confrontation was suggestive. See Carter v. Bell, 218 F.3d 581, 605 (6th Cir. 2000).

On direct review of Petitioner's conviction, the Arizona Court of Appeals concluded the victim's pretrial identifications of Petitioner were not unduly suggestive because "there was no attempt made by the police to obtain an identification from the victim." Answer, Exh. K at 9-11. The state court's findings with regard to whether the identifications were unduly suggestive and violated Petitioner's rights is entitled to deference by this Court. See Bean v. Calderon, 163 F.3d 1073, 1087 n.3 (9th Cir. 1998); Abrams v. Barnett, 121 F.3d 1036, 1042 (7th Cir. 1997).

-13-

The Arizona Court of Appeals' decision that the identifications of Petitioner were not unduly suggestive in violation of his right to due process was not clearly contrary to, nor an unreasonable application of federal law. See Brathwaite, 432 U.S. at 104-07 & n.8; Simmons, 390 U.S. at 384, 88 S. Ct. at 971; Johnson v. Sublett, 63 F.3d 926, 929 (9th Cir. 1995). Therefore, Petitioner is not entitled to federal habeas relief on his claim that his right to due process was violated by the pretrial and in-court identification of Petitioner as a perpetrator of the alleged crime.

**2. Petitioner asserts his right to due process was violated by the trial court's refusal to give an "identification" jury instruction.**

"Undesirable, erroneous, or even universally condemned [jury] instructions may survive due process scrutiny," Henderson v. Kibbe, 431 U.S. 145, 154, 97 S. Ct. 1730, 1736 (1977), unless "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 772, 112 S. Ct. 475, 482 (1991); Cupp v. Naughten, 414 U.S. 141, 146-147, 94 S. Ct. 396, 400 (1973). See also Karis v. Calderon, 283 F.3d 1117, 1132 (9th Cir. 2002). The burden is elevated where the habeas petitioner alleges that the trial court's failure to give an instruction, rather than the rendering of an erroneous one, deprived them of due process. See Neely v. Newton, 149 F.3d 1074, 1085 (10th Cir. 1998).

The Arizona Court of Appeals affirmed the trial court's refusal to give the jury an "identification"

instruction, noting the trial court was only required to give the instruction when it found a suggestive out-of-court identification of the defendant by the victim. Answer, Exh. K at 12. The Court of Appeals' conclusion that the jury instruction was not required because the identification was not unduly suggestive was not clearly contrary to federal law. See Jones v. West, ___ F. Supp. 3d ___, 2007 WL 495498, at *22 (W.D.N.Y.). Considering the totality of the circumstances and the totality of the evidence introduced at trial, the trial court's failure to give an "identification" instruction did not so infect Petitioner's entire trial as to deprive him of his right to due process and the Arizona Court of Appeals did not err in so concluding.

### III Conclusion

Petitioner's claim that he was deprived of the effective assistance of counsel was not properly exhausted in the state courts. Because Petitioner offers no cause for, nor prejudice arising from, his procedural default of this claim, Petitioner is not entitled to habeas relief on this claim. Additionally, the Arizona state courts' decision that Petitioner was not deprived of his right to due process with regard to either the identification of Petitioner as the perpetrator of the alleged crimes or with regard to the instructions given the jury was not clearly contrary to federal law and, accordingly, relief must be denied on these claims.

**IT IS THEREFORE RECOMMENDED** that Mr. Mendoza's

-15-

Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of April, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-16-